UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GALVASTER LEONARD, **Plaintiff,** v. UNITED STATES OF AMERICA **Defendant.** | Civ. No. 12-2459 (WJM) **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant United States of America's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant's motion is unopposed. For the reasons set forth below, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

In his pleading, Plaintiff Galvaster Leonard asserts that he was injured in a car accident on March 28, 2010, and that said accident was caused by Jeffrey S. Delgado's careless and negligent operation of Delgado's own vehicle (Plaintiff's "Tort Claims"). On March 16, 2010, Plaintiff brought this action against Delgado in New Jersey state court.

Thereafter, on April 24, 2012, Defendant certified that Delgado is an employee of Immigration and Customs Service ("ICE"), and was acting within the

1

scope of his employment as an employee of the United States at the time of the accident. (Gov't Br. 2, ECF No. 2-4; James B. Clark Cert. of Scope of Employment, ECF No. 1-2.) Accordingly, it is Defendant's contention that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80, governs Plaintiff's Tort Claims.[1]

On April 26, 2012, the United States of America substituted itself as the party defendant pursuant to 28 U.S.C. § 2679(d)(2)[2] and removed this matter to district court pursuant to 28 U.S.C. § 1346(b).[3] Plaintiff did not object to this removal or substitution. Thereafter, Defendant filed the present motion to dismiss

---

[1] Claims against the United States are cognizable under the FTCA if they are: (1) against the United States, (2) for money damages, (3) for injury or loss of property, (4) caused by the negligent or wrongful act or omission of any employee of the federal government, (5) while acting within the scope of the employee's office or employment, (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir.1995) (citing 28 U.S.C. § 1346(b).

[2] 28 U.S.C. § 2679(d)(2) states, in pertinent part, that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States . . . Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title . . . and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

[3] 28 U.S.C.A. § 1346(b) states, in pertinent part, that:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

pursuant to Federal Rule of Civil Procedure 12(b)(1), which Plaintiff has also failed to oppose.

## II. DISCUSSION

### a. Rule 12(b)(1)

A motion made under Rule 12(b)(1) argues that dismissal is proper because the court lacks subject matter jurisdiction – *i.e.*, that the court lacks the authority to consider the attacked claim. *Tobin v. United States*, 170 F. Supp. 2d 472, 475-76 (D.N.J. 2001). A Rule 12(b)(1) motion may challenge subject matter jurisdiction based upon the face of the complaint or upon its underlying facts. *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009). Where, as here, the motion concerns the existence of subject matter jurisdiction in fact, then the court may consider affidavits and other relevant evidence outside of the pleadings. *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990).

In support of its present Rule 12(b)(1) motion to dismiss, Defendant asserts that under the FTCA, Plaintiff must first exhaust certain administrative remedies prior to bringing suit for his Tort Claims, and that because Plaintiff has failed to do so, the Court is without subject matter jurisdiction to hear this matter.

### b. The Federal Tort Claims Act

Generally, claims against the United States are barred by the doctrine of sovereign immunity. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003); *United States v. Mitchell*, 445 U.S. 535, 538 (1980), *reh'g den'd*, 446 U.S. 992. Although the United States can waive sovereign immunity, in the absence of such a waiver, a court must dismiss a claim against the United States for lack of subject matter jurisdiction. *Id.*; *White–Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA is one such waiver of federal sovereign immunity. *White–Squire* at 456. The following observations about the FTCA bear on the present motion:

First, the FTCA provides the exclusive remedy for tort claims against the United States. 28 U.S.C. § 2679(a);

Second, federal district courts have exclusive jurisdiction over lawsuits arising under the FTCA. *Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) (*citing* 28 U.S.C. § 1346(b);

Third, pursuant to the FTCA, the United States has waived its sovereign immunity for harms caused by negligent acts committed by federal employees in the course of their employment ("FTCA Employee Negligence Suits"). *See White–Squire*, 592 F.3d at 456; 28 U.S.C. § 1346(b)(1);

4

<u>Fourth</u>, as a prerequisite to bringing an FTCA Employee Negligence Suit in district court, a claimant must first present that claim in writing to the appropriate federal agency, and have that agency deny his claim (the "Administrative Exhaustion Requirements"). *See, Kozel v. Dunne*, 678 F. Supp. 450, 452 (D.N.J. 1988) (*citing* 28 U.S.C. §§ 2401(b), 2675(a)); and,

<u>Fifth</u>, if a claimant fails to comply with the Administrative Exhaustion Requirements, the United States has not waived sovereign immunity, and the Court will be without subject matter jurisdiction to consider a claimant's FTCA suit. *Id.* Thus, the Administrative Exhaustion Requirements are a jurisdictional prerequisite to a suit in the district court. *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995).

### c. Application of these Principles to the Present Motion

In response to Plaintiff's Tort Claim against Jeffrey S. Delgado, Defendant has certified that Delgado was operating his motor vehicle during the course of his employment with the United States, and thus, that the FTCA governs Plaintiff's Tort Claims. The Court has been presented with no basis to question that assertion. Thus, Plaintiff can only bring this suit in federal district court, and can only do so if he has met the Administrative Exhaustion Requirements, which include Plaintiff first filing a claim in writing with the appropriate federal agency – in this case, ICE.

On the record before the Court, Plaintiff has failed to do this.  *See* Aff. Of Scott A. Whitted, Deputy Chief, ICE District Court Litigation Division for the Office of the Principal Legal Advisor, 25, 2012, ECF No. 2-3 (Whitted avers that he personally searched the database for all administrative FTCA claims filed against ICE and found no record of any administrative FTCA claims filed by or on behalf of Galvaster Leonard).  And since Plaintiff's failure to comply with the Administrative Exhaustion Requirements is a jurisdictional bar to Plaintiff bringing a suit under the FTCA, Defendant's motion to dismiss for lack of subject matter jurisdiction will be **GRANTED**.

### III. CONCLUSION

For the reasons stated above, Defendant's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**.  An appropriate order follows.

                                                  /s/William J. Martini  
                                          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 4, 2012.**